■ MARY A. PELKEY, Respondent, v. THERESA T. TERRANCE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Trial Term, Franklin County, entered upon a verdict in favor of plaintiff in a negligence action and from an order denying defendant's motion to set aside the verdict and for a new trial. Plaintiff recovered for injuries sustained by her when an automobile operated by her husband and in which she was a passenger, while turning left into an intersecting highway, was in collision with an automobile operated by defendant, which was then overtaking and attempting to pass the car in which plaintiff was riding. Appellant states the grounds of her appeal to be alleged errors in the court's charge and the alleged excessiveness of the verdict. Defendant testified: "I blinked my lights when I went to pass the Pelkey car, and I didn't sound the horn until I saw the Pelkey car start to come at me on the side." In charging the jury, the Trial Justice read the language of subdivision 7 of section 81 of the Vehicle and Traffic Law requiring, among other things, that the "driver of an overtaking vehicle shall signal his desire to pass an overtaken vehicle by a blast or stroke of the horn or other signaling device" and later in his charge stated that it was his recollection of defendant's testimony that she did not sound her horn until she saw the Pelkey car pulling in her direction and continued: "I say to you that that it is not a timely signal, and if you find that her failure to give a timely signal with her horn of her intent to pass was a contributing cause to the accident you may consider such as negligence in determining the issues in this lawsuit." Defendant's attorney excepted to the "instruction that the testimony of Mrs. Terrance with reference to a blast of the horn was not an adequate signal of warning" and contends on this appeal that by the court's instruction the jury was foreclosed from considering whether, if defendant blinked the lights of her car when passing or about to pass, she thus operated some "other signaling device" within the meaning of subdivision 7 of section 81, and accordingly complied therewith. We do not consider that the charge, which was unquestionably correct insofar as it related to the timeliness of the signal by horn, necessarily led the jury to give no consideration to defendant's testimony as to blinking lights. Previously, the Trial Judge had made it clear that the jury should rely upon its recollection of the testimony and not upon his. In any event, and more important, the portion of the charge now questioned was correct and it was incumbent upon counsel to call to the court's attention, by request to charge or otherwise, the omission now claimed, so as to afford opportunity for amplification. Appellant complains, also, of statements in the charge that plaintiff was "very seriously injured" and "seriously hurt" and of a reference to her "very serious" fractures. We agree that the injuries should not have been thus characterized. However, no exception was taken and we are satisfied that in this case no prejudice ensued. Upon this record, the jury could not well have found the injuries to be minor and we do not consider that their characterization by the court emphasized the degree of their severity as disclosed by the proof, so as to sway the jury to an unwarranted finding of liability or to influence an excessive verdict. We find the verdict rendered in no way excessive. Judgment and order unanimously affirmed, with costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.